DICKS PRESS GUARD MFG. CO. et al. v. BOWEN.

(Circuit Court of Appeals, Second Circuit. December 14, 1915.)

No. 103.

PATENTS &⇒328—INFRINGEMENT—SAFETY ATTACHMENT FOR PRESSES.

The Dicks patent, No. 618,065, for a safety attachment for stamping and other power presses, claim 1, *held* infringed on review of order granting preliminary injunction.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Dicks Press Guard Manufacturing Company and another against George W. Bowen, doing business as the Bowen Manufacturing Company. From an order granting a preliminary injunction, defendant appeals. Affirmed.

This cause comes here on appeal from an order of the District Court, Northern District of New York, granting preliminary injunction in a patent suit. The patent sued upon is No. 618,065, granted January 24, 1899, to Thomas A. Dicks and another for a "safety attachment for presses." The validity of the patent is not attacked on this appeal; the sole issue being the defense of noninfringement. The District Judge wrote no opinion; he stated merely that he had arrived at the conclusion that preliminary injunction should be granted.

Arthur E. Parsons, of Syracuse, N. Y. (E. H. Bottum and F. E. Dennett, both of Milwaukee, Wis., of counsel), for appellant.

Frederick P. Randolph, of New York City, and A. F. Nathan, of Cincinnati, Ohio, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The specifications and claims cover 5 pages and are illustrated by 19 figures. Nevertheless the ideas of the patentee are clearly expressed and, so far as the subject-matter of the first claim (the only one in issue here) is concerned, are readily understandable. It covers a safety attachment for presses—and by disclaimer duly filed for *power* presses only. In such presses there is a plunger, operated by power, which descends on a die and there does its work. The operator has to place the piece of metal to be stamped between the die and the plunger. He thereby takes the risk of having the plunger descend while his fingers are in a place where they may be hurt. To remedy this there is a guard between him and the plunger, which also moves up and down. The idea is that, the metal to be stamped being in place, the guard shall descend before the plunger does and effectually shield his fingers. In the patent the guard is called a guard, detector, or controlling device.

The plunger is connected with and disconnected from the power by the use of a treadle which the operator moves with his foot; when he bears down on it the power is thrown on. The same treadle through a connecting rod operates the guard, bringing it down when his foot

depresses the treadle. Now if by the operation of the treadle the plunger is started down under power and at the same time (or rather just prior thereto) the guard is started down, and some obstruction, such as the operator's fingers, being still in the pathway, its progress is arrested, the plunger might continue moving under the operation of the power and crush his fingers. The device of the patent remedies this defect by so arranging parts and connections that the power cannot be thrown in on the plunger until the guard is fully down. The object of the invention is thus set forth in the patent:

"This invention has for its object to produce a safety attachment for stamping and other presses whereby injury to the hands of the operator is prevented; and it consists, briefly stated, of a guard, detector, or controlling device, which moves down in advance of the downward movement of the punch and prevents the punch from being moved down by its actuating mechanism if the guard or detector encounters in its downward movement an obstruction—for instance, the hand of the operator—so that as a result of this arrangement the punch is prevented from moving down if the hand of the operator has not been removed before the guard or detector descends."

The patentee accomplishes his desired results by somewhat different arrangements of parts. One of these combinations is shown in Figs. 1 to 8, another in Figs. 9 to 15, and the third in Figs. 16 to 19. Claim 1 reads as follows:

"1. The combination, with the punch or plunger of a press, of a controlling device or detector which is independent of said punch or plunger, and which is caused to move toward the die before the punch or plunger begins its effective movement, and a stop mechanism which is controlled by said controlling device or detector, and which prevents the effective movement of the punch or plunger when the normal movement of the controlling device or detector does not take place, substantially as set forth."

There is no file wrapper and contents in the record; apparently the Patent Office found merit in the patentee's improvement. In the first claim he did not confine himself to any specific variety of stop mechanism; he described three forms in specifications and figures. There is no such prior art shown as would require a strained construction to be given to the claim in order to save it, by confining it closely to the exact details shown in these figures.

The mechanism, which is so arranged that it will arrest the application of the power when the guard is obstructed in its descent, consists of a combination of parts, some new, some old, and the parts and the way in which they are combined are not identical in the three types which the patentee shows; neither is defendant's combination of parts exactly like either of the three. Nevertheless defendant's combination does accomplish the same result in substantially the same way, the claim reads upon it, and there is nothing in the record which would warrant a holding that it does not infringe.

The order is affirmed, with costs.